IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 21-97 |
| | ) | |
| DRESHAWN MCBROOM, | ) | Judge Marilyn J. Horan |
| | ) | |
| Defendant | ) | |

**SENTENCING MEMORANDUM OF DEFENDANT DRESHAWN MCBROOM**

COMES NOW, Defendant Dreshawn McBroom, by his lawyer Jon Pushinsky, and submits the following Memorandum with respect to his position regarding an appropriate sentence:

**I.    INTRODUCTION**

Defendant Dreshawn McBroom accepted responsibility for his unlawful conduct by pleading guilty to possession with the intent to deliver controlled substances on April 2, 2025, as charged in count one of a three-count superseding indictment. Also on April 2, Mr. McBroom pleaded guilty in two other pending cases, docketed at Nos. 24-32 and 25-70. The guilty pleas were the product of a plea agreement entered into by Mr. McBroom and the Government following extensive negotiations conducted over a period of time. The plea agreement contains a Rule 11(c)(1)(C) stipulation as to an appropriate sentence encompassing all of Mr. McBroom's cases. The parties' sentencing stipulation includes a 12 ½-year (150-months) term of imprisonment followed by a 3-year term of supervised release.[1]

---

[1] Presentence investigation report (hereinafter "PIR") ¶¶ 27 and 122.

Although the agreed upon 12 ½-year sentence is lengthy, it is beneficial to Mr. McBroom in that the period of imprisonment is y lower than that to which he might be sentenced if convicted of the charged offenses at trial. On the other hand, the plea agreement also benefits the Government. The negotiated resolution of the cases includes a broad waiver of appellate rights. It also requires Mr. McBroom to discontinue his pending appeal in case No. 21-97.[2] Furthermore, Mr. McBroom is relinquishing previously asserted meritorious suppression claims.[3] The court is urged to accept the parties' plea agreement and sentence Mr. McBroom in accordance with the plea agreement.

The offenses to which Mr. McBroom has pleaded guilty at Nos. 21-97 and 25-70 carry statutory maximum sentences of 20-years. The maximum sentence at No. 24-32 is 15-years.[4] With respect to the U.S. Sentencing Guidelines, Mr. McBroom falls within criminal history category VI.[5] His total offense level is 29.[6] At criminal history category VI and an offense level of 29, the advisory Guidelines' sentence range of imprisonment is 151-188-months.[7] The agreed

---

[2] A week long jury trial was conducted in July 2024 at No. 21-97. Following the grant of a mistrial during jury deliberations, Mr. McBroom moved to bar the Government from retrying him. This motion was denied. An appeal from the denial of the motion to bar a retrial is pending before the Third Circuit at No. 24-2675. It is this appeal that will be discontinued if the plea agreement is accepted and Mr. McBroom is sentenced pursuant to the parties' stipulation of an appropriate sentence.

[3] If Mr. McBroom is retried and found guilty, he would most assuredly file another appeal based on the trial court's denial of his suppression motions.

[4] PIR ¶ 120.

[5] PIR ¶¶ 78 and 121.

[6] PIR ¶ 68 and 121.

[7] PIR ¶ 121.

2

upon Rule 11(c)(1)(C) sentence is one month less than the low end of the advisory Guidelines' range.

From a defense perspective, the primary issue at sentencing is whether the court will accept the parties' plea agreement and stipulation of an appropriate sentence.  Mr. McBroom recognizes that his offenses are serious ones.  Yet, in light of the relative risks to both sides by proceeding with trials, Mr. McBroom's history of serious health issues, his commitment to family, his work record and willingness to participate in available treatment programs, the proposed 11(c)(1)(C) sentence of 12 ½-years' imprisonment and 3-years of supervised release is sufficient to satisfy the goals identified in 18 U.S.C. § 3553(a).  A lengthier sentence would be impermissibly "'greater than necessary' to accomplish the goals of sentencing . . . ." *Kimbrough v. U.S.,* 552 U.S. 85, 101 (2007).

## II.    DISCUSSION

In determining an appropriate sentence the court is required to consider the particular circumstances presented by a given case and independently evaluate the factors identified in 18 U.S.C. § 3553(a).  *Gall v. U.S.,* 552 U.S. 38 (2007).  Evaluating § 3553 factors and determining the length and terms of a criminal sentence is a difficult process - one that impacts not just the defendant, but also the defendant's family and wider circle of contacts.

The § 3553 factors that must be considered by the court include: the nature and circumstances of the offense, the history and personal characteristics of the defendant, protection of the public, the need to deter a defendant from committing future crimes, the need for the sentence imposed, the kinds of sentences available, the advisory guideline range, pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentencing

disparities and the need for restitution. 18 U.S.C. § 3553. Although required to be considered by the sentencing judge, the court retains broad discretion to deviate from the Guidelines' advisory sentencing range in order to craft a sentence suited to the circumstances of each individual defendant and case. *U.S. v. Booker,* 543 U.S. 220, 259 (2005). As previously stated, Mr. McBroom would have the court accept the plea agreement, as the stipulated sentence satisfies the ends of justice. *See, U.S. v. Lakhani,* 480 F.3d 171, 185 (3d Cir. 2007).

### A. MR. MCBROOM'S BACKGROUND

Mr. McBroom's upbringing, family life, education, work record and drug history are detailed in the PIR at ¶¶ 85-116. He incorporates the information contained in the specified PIR paragraphs as if restated here and adopts any discussion of his background contained in the sentencing brief filed by counsel in the cases at Nos. 24-32 and 25-70.

It is important, however, to reference Mr. McBroom's medical issues, as they may need to be addressed at the correctional facility to which he will be assigned by BOP. At the time of his arrest during the incident giving rise to the charges at Nos. 24-32 and 25-70, Mr. McBroom was transported to the hospital. At the hospital, Mr. McBroom was diagnosed with multiple blood clots.[8] Counsel recalls that these blood clots were life threatening. It is believed that ongoing monitoring is advisable to protect Mr. McBroom against harm from future clots.

---

[8] PIR ¶ 99.

Additionally, Mr. McBroom is an insulin dependent type 2 diabetic.[9] He must take insulin three times a day.[10] Also, Mr. McBroom is an asthmatic who requires access to an inhaler and he suffers from high cholesterol.[11]

### B. DISCUSSION OF STANDARD SENTENCING CONSIDERATIONS

#### 1. NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. McBroom voluntarily agreed to plead guilty to offenses in all of his cases. There are no identifiable victims. Mr. McBroom did not conduct himself in a way so as to impede justice or the Government's investigation of the events resulting in his arrests.

#### 2. OTHER § 3553 FACTORS (GENERALLY)

It is acknowledged that Mr. McBroom's offenses are considered serious ones. Mr. McBroom is 37-years-old. He will remain imprisoned for a number of additional years under the terms of the plea agreement. He is likely to be in his mid 40s when released from prison. Following his release, he will be under supervision of the Probation Office for an additional 3-years. Thus, Mr. McBroom will be approaching his 50th birthday by the time his supervision ends. The combined periods of imprisonment and supervision will be an effective deterrent to the commission of future offenses. Given all relevant factors, imposition of a sentence involving imprisonment for longer than the 12 ½-years recommended by both the defense and Government would be unduly excessive.

---

[9] PIR ¶ 100.

[10] *Id.*

[11] *Id.*

In deciding whether to accept the stipulated term of imprisonment in the plea agreement, it bears noting that public concern over mass incarceration, excessive sentences and the search for rehabilitative alternatives to lengthy prison terms continues to grow.  The federal prison population has expanded by almost 800 percent since 1980[12] and it has far outstripped the growth of the nation's general population as a whole.  Whereas the United States accounts for a mere 5 percent of the world's population, it houses approximately 25 percent of the world's imprisoned criminal defendants.[13]

Former Attorney General Holder, in a 2013 speech to the American Bar Association, addressed the ongoing debate over the lengthy sentences of imprisonment.  He stated that "widespread incarceration at the federal, state and local levels is both ineffective and unsustainable."[14]  According to General Holder, "too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason."[15]

Mr. McBroom understands that he faces a lengthy sentence of imprisonment.  But, he will be released back into the community at some point.  One goal of the sentence should be to address the problems/circumstances that led to Mr. McBroom's crime if we want to prevent recidivist behavior.

---

[12] *See,* Http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html.

[13] Https://www.federalregister.gov/articles/2016/07/19/2016-17040/annual-determination-of-average-cost-of-incarceration?utm_campaign=subscription+mailing+list&utm_medium=email&utm_source=federalregister.gov.

[14] Http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html.

[15] *Id*.

### III.   RECOMMENDATIONS

For all of the foregoing reasons, as well as those that will be brought to the court's attention at the time of sentencing, Mr. McBroom requests that the court accept the plea agreement and impose a sentence of imprisonment and supervised release consistent with the parties' stipulation: 150-months imprisonment followed by 3-years of supervised release.  Mr. McBroom makes the following additional sentencing requests:

1.   A recommendation for placement in a BOP facility that can meet Mr. McBroom's medical needs and is as close to Pittsburgh as possible;

2.   A recommendation that BOP offer Mr. McBroom the opportunity for placement/participation in the RDAP or equivalent substance abuse program;

3.   A recommendation that Mr. McBroom be placed in a facility that offers barber and business management training;

4.   That no fine be imposed in light of Mr. McBroom's financial situation.

Respectfully submitted,

S/ Jon Pushinsky
Jon Pushinsky
Pa. I.D. No. 30434
1808 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 281-6800

Lawyer for Defendant